```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

BRYSON "RUSTY" CREPPEL AND                CIVIL ACTION
ANNETTE CREPPEL

VERSUS                                    NO: 13-734

FRED'S STORES OF TENNESSEE,               SECTION: "J"(3)
INC.

### ORDER AND REASONS

Before the Court is a Motion to Remand **(Rec. Doc. 7)**, filed by Plaintiffs, Bryson "Rusty" Creppel ("Mr. Creppel") and his wife, Annette Creppel ("Mrs. Creppel"). The Defendant, Fred's Stores of Tennessee, Inc. ("Fred's") has filed an opposition. (Rec. Doc. 9). The motion was set for hearing on Wednesday, June 19, 2013, on the briefs. Having considered the motion, the memoranda, the record, and the applicable law, the Court finds, for reasons explained more thoroughly below, that Plaintiffs' motion should be **DENIED**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

On March 15, 2013, Plaintiffs filed suit against Defendant in the 17th Judicial District Court for the Parish of Lafourche, Louisiana. (Rec. Doc. 1) In their state petition, Plaintiffs allege that on March 16, 2012, they were shopping for a new home stereo

system at a Fred's store in Thibodaux, Louisiana. (Compl., Rec. Doc. 9-1, p. 1, ¶ 2) Plaintiffs claim that after Mr. Creppel located the stereo system that he wished to purchase, a Fred's attendant told Mr. Creppel to reach up and pull the box containing the stereo system down from the top shelf where, unbeknownst to Mr. Creppel, the boxes were stacked three high. (Compl., Rec. Doc. 9-1, p. 1, ¶¶ 3-4) Plaintiffs further allege that as Mr. Creppel was pulling on the second box, the third box "came crashing down on his head and almost knocked him off his feet." (Compl., Rec. Doc. 9-1, p. 1, ¶ 4) Plaintiffs allege that the accident was caused by the negligence of Fred's in (a) improperly stacking heavy boxes, (b) failing to provide assistance to customers getting heavy boxes off of high shelves, (c) failing to have appropriate equipment to assist customers in moving heavy boxes, and (d) any all other fault to be shown at trial. (Compl., Rec. Doc. 9-1, p. 2, ¶ 8)  Mr. Creppel alleges that he sustained injuries as a result of the accident and seeks to recover damages for his past and future medical expenses, past and future physical pain and suffering, past and future mental pain and suffering, disability, and "loss of life's pleasures." (Compl., Rec. Doc. 9-1, p. 2, ¶¶ 4, 9) In addition, Mrs. Creppel claims damages for loss of consortium. (Compl., Rec. Doc. 9-1, pp. 2, 10) In accordance with Article 893 of the Louisiana Code of Civil Procedure, Plaintiffs did not demand

a specific dollar amount of damages in their state petition.

On January 24, 2013, before Plaintiffs filed suit in state court, Plaintiffs sent a demand letter to Sedgwick Claims, Fred's third-party claims administrator. (Rec. Doc. 9-3) In the letter, Plaintiffs asserted that Mr. Creppel suffered spinal injuries as a result of the accident, detailed his past medical history, explained that at the time of the accident, Mr. Creppel was on Social Security Disability as a result of spinal problems and issues with his liver and diabetes, and detailed the medical treatment Mr. Creppel had received since the accident. (Rec. Doc. 9-3, pp. 1-2) Plaintiffs also stated (a) that Mr. Creppel's post-accident medical bills, excluding bills from his family physician, Dr. Abou Issa, and from the Imaging Center and Houma EMA, totaled $14,189.66, (b) that the future for Mr. Creppel "includes the distinct possibility of neck surgery and continued treatment of his neck and shoulder injuries," and (c) that Mr. Creppel was willing to settle his claim for $80,000, inclusive of all medicals, in return for a full release of Fred's and its employees. (Rec. Doc. 9-3, p. 2) On April 11, 2013, Fred's removed the case to this Court on the basis of diversity of citizenship contending, based on Plaintiffs' demand letter and jury trial request, that the amount in controversy exceeds $75,000 exclusive of interest and costs. The parties do not dispute that there is complete diversity in the instant case. Plaintiffs are both citizens of Louisiana, and Fred's

is a Tennessee corporation with its principal place of business in Tennessee. However, they dispute whether the jurisdictional amount in controversy requirement is satisfied.

## LEGAL STANDARD

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Since Louisiana law prohibits plaintiffs from specifying the numerical value of their damages, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, (5th Cir. 2002) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)); Gebbia, 233 F.3d at 882; Allen v. R&R Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). First, the district court inquires whether it is facially apparent that the claims are likely to exceed $75,000 and, if so, removal is proper. Manguno, 276 F.3d at 723; Allen, 63 F.3d at 1335. When making the "facially apparent" determination, the correct procedure is to look exclusively at the face of the complaint and ask whether the amount in controversy is likely to exceed $75,000. Allen, 63 F.3d at 1336. If it is not facially apparent that the claims are likely to exceed $75,000,

"the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." Id.; see also Manguno, 276 F.3d at 723. Once the removing party makes this showing by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount." Fairchild v. State Farm Mut. Automobile Ins. Co., 907 F. Supp. 969, 970 (M.D. La. 1995) (citing De Aquilar, 47 F.3d at 1412).

## DISCUSSION

The first issue the Court must address is whether Fred's has satisfied its burden of proving that this case is removable on the basis of diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1446(a). First, Plaintiffs make a blanket contention that it is not facially apparent that the amount in controversy exceeds $75,000 in this case. Second, Plaintiffs point out that Fred's removed the case based on (a) their initial settlement demand of $80,000 and (b) their request for a jury trial when jury trials are not permitted in Louisiana unless the amount in controversy exceeds $50,000. Plaintiffs point out that initial settlement offers are usually subject to significant negotiation, that their settlement demand did not state that it was non-negotiable, that the Fred's did not attach any other evidence, such as "medical evidence or the prior condition of the plaintiff," or evidence of quantum, to its

notice of removal, and that Mr. Creppel has not undergone or received a recommendation to undergo any type of surgical procedure. Based on these circumstances, Plaintiffs contend that Fred's has not produced sufficient evidence to satisfy its burden of proving that the amount in controversy exceeds $75,000.

Fred's argues that by producing Plaintiffs' pre-petition settlement demand letter, it has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Fred's asserts that it is well-established that pre-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes and argues that this case is analogous to Carver v. Wal-Mart Stores, Inc., No. 08-42-M2, 2008 WL 2050987 (E.D. La. May 13, 2008), in which a removing defendant successfully relied on a detailed pre-complaint settlement demand letter to support removal and defeat a motion to remand. Moreover, Fred's argues that as it has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, Plaintiffs must prove to a legal certainty that the amount in controversy does not exceed the jurisdictional threshold. Fred's contends that the Plaintiffs' only argument is that the settlement offer is "subject to negotiation," and that this is not sufficient to show "with legal certainty" that Plaintiffs' potential for recovery does not exceed $75,000.

The Court finds that Plaintiffs' pre-petition settlement

demand letter is relevant evidence of the amount in controversy at the time of removal. At least two district courts within the Fifth Circuit have considered pre-petition demand letters as evidence of the amount in controversy at the time of removal. <u>Carver</u>, 2008 WL 2050987, at * 2 (noting that although the Fifth Circuit "has not conclusively addressed the issue of whether a pre-petition settlement demand letter can be considered as relevant evidence of the amount in controversy, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims."); <u>Fairchild</u>, 907 F. Supp. 969 at 970-71 (regarding a plaintiff's pre-petition settlement demand itemizing the amounts claimed for various categories of damages was "valuable evidence to indicate the amount in controversy at the time of removal"). In addition, the Fifth Circuit has generally stated that a defendant may prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on "'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." <u>Manguno</u>, 276 F.3d at 723. Rule 56 of the Federal Rules of Civil Procedure provides that a party may support its factual assertions in the context of a summary judgment motion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Given that the list of materials in Rule 56 that can be used to support factual contentions in the context of a summary judgment motion ends with a catchall phrase permitting the use of "other materials" in the record, the Court sees no reason why the pre-petition settlement demand that Fred's attached to its notice of removal should not be treated as relevant "summary judgment type" evidence of the amount in controversy at the time that Fred's removed the case. Finally, the Ninth, Tenth Circuits have held that a district court is permitted to consider settlement offers when deciding the jurisdictional question. McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (plaintiff's settlement demand "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.") Thus, the Court finds that the pre-petition settlement demand in this case can be used to support Fred's contention that the amount in controversy exceeds $75,000 in this case.

Moreover, the Court finds that this case is analogous to Carver and agrees with the court's reasoning in Carver. In Carver, the court observed that based solely on the allegations in the plaintiff's petition – which simply contained the "usual and customary damages set forth by personal injury plaintiffs" – it was

8

not "facially apparent" that plaintiff's damages in the matter would exceed $75,000 exclusive of interest and costs. Id. However, the court found that the defendant met its burden of proving, through summary judgment-type evidence, that the amount in controversy likely exceeded the jurisdictional minimum based on a copy of a settlement demand letter that plaintiff's counsel sent to defendant's Claims Manager two months before plaintiff filed suit in state court. Id. The court noted that:

> [i]n that letter, plaintiff's counsel provides a detailed description of Carver's physical injuries and treatment and notes that [plaintiff's] medical treatment is still ongoing. Plaintiff's counsel explains that [plaintiff] has incurred medical expenses in the total amount of $9,120.50 for her injuries, and . . . is willing to settle her case for $150,000.

Id. (alterations added).

In reaching that conclusion, the court noted that (a) the plaintiff did not argue in her motion to remand that the settlement demand she submitted was inflated or did not honestly assess her damages and (b) that several courts have found a settlement demand alone sufficient to support removal where the plaintiff did not argue in opposition to removal that his settlement demand was inflated or was not an honest assessment of his damages. Id. at *2-3. The court also observed that the fact that the settlement offer contained four pages "addressing [plaintiff's] injuries, treatment, and medical expenses in detail (with references to supporting records and billing) cautions against finding that the letter was

not an honest assessment of her damages." Id. at *3.

Similarly, in this case, Plaintiffs' petition is ambiguous as to whether Plaintiffs' damages would exceed $75,000, because Plaintiffs merely pleaded the usual and customary damages set forth by personal injury plaintiffs. Without identifying the specific physical injuries Mr. Creppel allegedly suffered as a result of the accident, the petition merely states that as a result of the accident, plaintiff sustained "injuries and damages," including, *inter alia*, past and future medical expenses, past and future physical pain and suffering, past and future mental pain and suffering, disability, and loss of life's pleasures. (Rec. Doc. 9-1, p. 2, ¶¶ 7, 9) In addition, the Court finds that in this case, like in Carver, Defendant, Fred's has satisfied its burden based on the $80,000 settlement demand letter that Plaintiff sent Fred's approximately two months before filing suit in state court. Although Plaintiffs offered to settle the instant case for $80,000, a lesser amount than the Carver plaintiff and one that is much closer to the $75,000 jurisdictional threshold, the letter is sufficient evidence that the amount in controversy exceeds the jurisdictional threshold for two reasons. First, as the Carver court pointed out, the Fifth Circuit has recognized that "'a plaintiff's settlement offer is ordinarily less than the damages plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at

trial.'" Id. at 2, n. 6 (quoting Pollet v. Sears Roebuck and Co., 2002 WL 1939917, at *1 (5th Cir. 2002)). Second, Plaintiffs, like the plaintiff in Carver, have not argued in their motion to remand that the settlement demand was inflated or did not constitute an honest assessment of Mr. Creppel's damages. Plaintiffs' observations that the settlement demand in this case did not "state that it was non-negotiable" and that initial settlement offers are "usually subject to significant negotiation," do not amount to contentions that Mr. Creppel's settlement demand was inflated or did not reflect an honest assessment of his damages. (Rec. Doc. 7-2, p. 3) Also, the fact that the settlement demand letter in this case, like the settlement demand letter in Carver, extensively addresses Mr. Creppel's injuries, treatment, and medical expenses, with references to supporting documentation,[1] leads the Court to believe it represents an honest assessment of Mr. Creppel's damages.

Although Plaintiffs argue that Fred's cannot rely solely on Mr. Creppel's settlement demand to support removal but was required to attach "other evidence," such as medical evidence of Mr. Creppel's prior condition or evidence of quantum, they have not offered any authority for this position, and Carver, as well as the authorities it relies on, speaks to the contrary. See id. at *2

---

[1] Rec. Doc. 9-3, pp. 1-2.

("Several courts have even found that a settlement demand alone is sufficient to support removal jurisdiction where the plaintiff does not argue in opposition to removal that his settlement demand was inflated or was not an honest assessment of his damages.") The Court similarly finds Plaintiffs' contentions that Mr. Creppel has not undergone any type of surgical procedure and that no surgery has been recommended unavailing. These post-removal assertions do not change the fact that at the time Fred's removed the case, Plaintiffs assessed his damages at $80,000, an amount in excess of the jurisdictional minimum. For these reasons, the Court finds that Fred's has met its burden of proof in this case.

The final question the Court must address is whether Plaintiffs have shown to a "legal certainty," that Mr. Creppel will not be able to recover the jurisdictional amount. <u>De Aquilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995). Plaintiffs have not offered any argument on this point. Fred's has argued that Mr. Creppel's only argument is that the settlement offer is "subject to negotiation," and that this is not sufficient to show "with legal certainty," that their potential for recovery does not exceed $75,000. (Rec. Doc. 9, p. 4) A plaintiff may satisfy the burden of showing that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount by: (1) showing state procedural rules binding the plaintiffs to their pleadings, or (2) filing a binding stipulation or affidavit to that effect with their

petition. See id. Plaintiffs have not and could not make the first showing, because Louisiana law prohibits plaintiffs from pleading a specific amount of damages in their petition. Plaintiffs have also failed to make the second showing, because Mr. Creppel failed to file any binding stipulation with his state court petition indicating that he would not seek more than $75,000. Thus, in light of the lack of any binding stipulation and the settlement demand letter in which Mr. Creppel assessed the value of his case at $80,000, the Court finds that Mr. Creppel has failed to demonstrate that it is a "legal certainty" that he will not be able to recover the jurisdictional minimum. Id. at *4.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand **(Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana this 9th day of July, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT